Considered by GREEN and ARUNDELL.

EDMUND H. FLEMING ET AL., EXECUTORS, ESTATE OF C. F. FLEMING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7212.  Promulgated November 29, 1927.

*Shannon B. Charlton, Esq.*, for the petitioners.
*John W. Fisher, Esq.*, for the respondent.

**OPINION.**

TRUSSELL: The petitioners' motion for the substitution of parties petitioner is denied. Section 3467 of the Revised Statutes provides that:

Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he

satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

Under the Revenue Act of 1921 both the estate of a decedent and the executors are liable to the Government for the payment of any lawful tax levied under the estate-tax provisions of the Act and the liability of the executors is personal. See *United States* v. *Rodenbough* (U. S. D. C., E. Dist. Pa.), decided September, 1927.

The respondent has included the value of the real estate involved in this action in the gross estate of the decedent, justifying his action under section 402(c) of the Revenue Act of 1921, which is as follows:

To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth * * *.

The transfers here in question were made in the year 1911 at a time when there was no tax upon transfers of property of deceased persons. The transfers were made in entire good faith and for good and valid reasons and at a time when the grantor was in good and sound health, in which condition he continued until a few months prior to his death, 13 years later, and at a time when there had occurred no incident which could suggest to the grantor the thought of impending death. We are, therefore, of the opinion that these transfers can not be held to have been made in contemplation of death.

The terms of the instrument by which the transfers were made specifically provide that the trustees therein named shall at once, on the execution and delivery of the transfer instruments, immediately take possession of said premises subject only to the life interest of the grantor. It appears that under the term of that instrument the title of the trustees became fixed and indefeasible. We must, therefore, conclude that the transfers were not intended to take effect at or after the death of the grantor.

The facts in this case bear a close analogy to the trust created in the year 1907 by the grantors described in the case of *Nichols* v. *Coolidge*, 274 U. S. 531, and following the reasoning and the decision of the Supreme Court in that case, we must hold that the real estate here in question did not constitute a part of the decedent's estate at the time of his decease and the value of such property may not be included in computing his gross estate for the purpose of determining the amount of the estate tax upon his net estate.

*There is no deficiency. Judgment will be entered accordingly.*

Considered by Littleton, Smith, and Love.